FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR WILSON HERMSMEIER-ROGERS<br><br>Defendant. | No. 2:19-CR-00185-WFN-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS<br><br>**MOTION GRANTED**<br>**(ECF No. 62)** |

Before the Court is Defendant's Motion to Modify Release Conditions, **ECF No. 62**. Defendant appeared in court on January 13, 2020, represented by Attorney Richard Wall. Assistant U.S. Atttorney Caitlin Baunsgard represented the United States.

Defendant moves the court for permission to transition from inpatient treatment at Spokane Addiction Recovery Center (SPARC) to Oxford House. The United States has no objection.

The Court finding good cause, **IT IS ORDERED** Defendant's Motion, **ECF No. 62**, is **GRANTED**.

Defendant shall reside at Oxford House subject to the following conditions:

### STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and

ORDER - 1

defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements.

# ADDITIONAL CONDITIONS OF RELEASE

**(14)** Defendant shall remain in the Eastern District of Washington while the case is pending. By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim, potential witness or codefendant in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(18)** Refrain from any use of alcohol.

## SUBSTANCE ABUSE EVALUATION AND TREATMENT

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program.

**If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.**

**If Defendant leaves an inpatient program before treatment is completed, the treatment facility and Defendant shall immediately notify the U.S. Probation Officer or, if the U.S. Probation Officer is unavailable, the U.S. Marshal, who shall in turn immediately notify the undersigned. Defendant shall comply with all directives of the U.S. Probation Officer.**

*PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status, and maintain adequate contact with defense counsel.

(**27**) **Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

(**31**) **Other**: Comply with all orders or conditions of supervision imposed by other courts.

**IT IS SO ORDERED.**

DATED January 13, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE